## YAZOO & M. V. R. Co. *v.* SEBULSKY.

[68 South. 164.]

APPEAL AND ERROR. *Presenting defenses in lower court.*

'Where a carrier is sued for the value of goods lost in shipment, it cannot on appeal for the first time, raise the question that the bill of lading fixed the value of the goods at less than the amount of the plaintiff's recovery.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by N. Sebulsky against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

COOK, J., delivered the opinion of the court.

Appellee, plaintiff below, by his declaration demanded judgment against appellant, defendant below, for the value of a shipment of household goods, which he had delivered to defendant, a common carrier, to be carried from Vicksburg, Miss., to Newark, N. J.; it being alleged that said goods were never delivered, and that they were worth six hundred and ninety-six dollars and forty-five cents. The declaration also demanded damages for the breaking of other goods to the amount of sixteen dollars. The jury assessed plaintiff's damages at the sum of one hundred and fifty dollars, and judgment was entered accordingly, and defendant appeals.

The only plea filed by defendant is the plea of general issue. The case was tried in the lower court upon entirely different lines from the fight made here. In the trial court no special contract limiting the amount of damages was pleaded. Only the plea of not guilty was interposed. No instruction was asked presenting the issue presented for the first time in this court by the assignment of error. Here it is said that the plaintiff limited the amount of his recovery by the value placed on the goods by him when the goods were delivered to the carrier, and, to prove plaintiff valued the goods at ten dollars when he shipped them, the bill of lading is pointed out to this court, which bill of lading is a printed document, the blanks filled by pencil writing describing the goods. Written in pencil at the bottom of one page, following the printed word "Per," are these words: "Value ten dollars." The printed conditions on the bill of lading contain this clause:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented

in writing by the shipper, or has been agreed upon or
is determined by the classification or tariffs upon which
the rate is based, in any of which events such lower
value shall be the maximum amount to govern such com-
putation, whether or not such loss or damage occurs
from negligence.''

It is claimed that this condition limits the amount of
recovery to ten dollars, citing *Adams Express Co.* v.
*Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed.
314, 44 L. R. A. (N. S.) 257, and other cases along the
same line. As above remarked, this issue was not pre-
sented to the trial court, by plea or otherwise.

This being true, we will not now try the case here, ex-
cept upon the issues made in the trial court, and the
case is therefore affirmed.

*Affirmed.*